## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** : <br> **Jeffery Lobb and Kristin McDermott** : <br> **Plaintiffs** :     **No: 08-CV-0015(JS)** <br> : <br>     **v.** : <br> : <br> **Independence Blue Cross, Aetna Inc.,** : <br> **Ronald A. Williams, Joseph A. Frick,** : <br> **Commonwealth of Pennsylvania Department** : <br> **Of Health and Insurance Department,** : <br> **Defendants** : | |

## ORDER

AND NOW, this _____ day of April, 2008, upon consideration of

Defendants' Motion for Sanctions and the response thereto and the arguments heard on

April 8, 2008, it is hereby ORDERED that the motion is DENIED.


**BY THE COURT**


_____
**JUDGE JUAN R. SANCHEZ**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** | : | |
| **Jeffery Lobb and Kristin McDermott** | : | |
| **Plaintiffs** | : | No: 08-CV-0015(JS) |
| | : | |
| V. | : | |
| | : | |
| **Independence Blue Cross, Aetna Inc.,** | : | |
| **Ronald A. Williams, Joseph A. Frick,** | : | |
| **Commonwealth of Pennsylvania Department** | : | |
| **Of Health and Insurance Department,** | : | |
| **Defendants** | : | |

*Formatted: Bullets and Numbering*

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO IBC AND FRICK MOTION FOR SANCTIONS

I.   INTRODUCTION

Defendants IBC and Frick mischaracterize the nature of this action as just a rehash of prior litigation in both state and federal courts. This action is brought by parties who were not parties to the prior litigation. Ms. McDermott has withdrawn as a plaintiff and the remaining plaintiffs were not a party to the prior litigation. The prior litigation serves as a backdrop to the current case which is a simple ERISA action for the failure of the insurance defendants to give plaintiffs a "formal response" to its request for clarification of benefits which they absolutely must do under **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)** and Supreme Court jurisprudence, **Aetna v. Davila, 542 U.S. 200 (2004)**.

The prior litigation established that a subscriber is free to pay for treatment if their insurance company has declined to pay for whatever reason. Both IBC and Aetna have

2

informally responded that the providers are not allowed to bill subscribers under any circumstances. Given what plaintiffs already know about how the insurance system operates this new information contradicts the holdings of the court in the prior litigation and Supreme Court jurisprudence, **Aetna v. Davila, 542 U.S. 200 (2004)**.

IBC was Cameron's health insurance company. The action brought against them is within the statute of limitations.

II.   **PRIOR LITIGATION**

The caption and complaint of both the Chester County and District Court actions clearly show that the current plaintiffs were not parties to those actions. The documents speak for themselves. Plaintiffs herein agree that the subscriber's contract does not prohibit self payment by the insured for a covered service that the insurance company's declines to cover or pay.

Res Judicata does not apply to the current action. Rooker Feldman does not apply to the current action. **See: Lance v. Dennis, 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS 1105.** [The Court held that "The Rooker-Feldman doctrine does not bar actions by nonparties to the earlier state-court judgment simply because [...] they could be considered in privity with a party to the judgment."]. Plaintiffs are simply seeking clarification of benefits to explain the apparent irreconcilable difference between the right to pay as discussed in the prior litigation and the inability of the provider to bill pursuant to contract and regulation under **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants,**

**beneficiaries and fiduciaries)** and Supreme Court jurisprudence, **Aetna v. Davila, 542 U.S. 200 (2004)**.

### III.  PLAINTIFFS ARE SEEKING FORMAL CLARIFICATION OF RIGHTS UNDER ERISA.

At all relevant times Cameron's Hardware had IBC and Aetna as there health insurance carrier for the benefit of its employees. The Plaintiffs have knowledge of the difficulties in dealing with insurance companies in health matters as a result of the situation involving the death of Sandra Lobb from the effects of untreated alcoholism. Given the treatment, or lack of treatment, at the hands of IBC involving Sandra Lobb, and the knowledge garnered from the prior aforementioned state and federal litigation, the Plaintiffs herein simply want formal clarification from their insurance carries that explains the inherent contradictions between the decisions which suggests that an insured individual may self pay for a covered service which is denied by the insurer and the inability of a health care provider to bill for those services.

Plaintiff has sought this information from IBC, Aetna and the appropriate state regulators. None of them has responded as required under ERISA. The Supreme Court's holding in **Aetna v. Davila, 542   U.S. 200 (2004),** outlines a solution to the problem by having the individual pay for the treatment and then sue his or her insurance company. The problem as Plaintiffs understand it, is while you have the right to pay for the treatment, the Pennsylvania provider cannot bill you pursuant to the terms of its provider contracts and state regulation. The relief as outlined by the Supreme Court in **Aetna v. Davila** becomes illusionary. This is the question that Plaintiff wants formally answered and defendants refuse.

IBC cannot denied the clear fact that they were the insurance company of record for Cameron's Hardware up until March, 2004. ERISA allows this action and it is well within the statute of limitations. This action is not barred by Res Judicata, Rooker Feldman, **Lance v. Dennis, supra,** or any other theory advanced by IBC. Mr. Frick was voluntarily dismissed by palintiffs as a defendant in this matter on February 8, 2008. This litigation is not vexatious. It merely seeks to have defendant comply with its obligations under ERISA. IBC's failure to do so allows the effected individuals to seek relief in Federal Court. **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)**

### IV.  CONCLUSION

Plaintiffs have a valid cause of action against IBC and all other defendants pursuant to **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)** and Supreme Court jurisprudence, **Aetna v. Davila, 542 U.S. 200 (2004)**.

For all of the reasons set forth above, Plaintiffs respectfully request that the motion for sanctions be denied.

                Respectfully submitted,

                /S/ LAWRENCE M. OTTER

                _____
                LAWRENCE M. OTTER
                ATTORNEY FOR PLAINTIFF
                PO BOX 2131
                Doylestown, PA 18901
                215-230-5330
                215-230-7197 (fax)
                larryotter@hotmail.com (e mail)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** : | |
| **Jeffery Lobb and Kristin McDermott** : | |
| **Plaintiffs** : | No: 08-CV-0015(JS) |
| : | |
| v. : | |
| vi. | |
| **Independence Blue Cross, Aetna Inc.,** : | |
| **Ronald A. Williams, Joseph A. Frick,** : | |
| **Commonwealth of Pennsylvania Department** : | |
| **Of Health and Insurance Department,** : | |
| **Defendants** : | |

### CERTIFICATE OF SERVICE

     This is to certify that a copy of the attached Plaintiff's Memorandum has been served on all counsel of record through the ECF system and by email;

Barry N. Kramer, Esquire
bkramer@attorneygeneral.gov
Counsel for Pennsylvania Departments of Health and Insurance

Susan Mangold, Esquire
smangold@chescolaw.com
Counsel for IBC and Joseph A. Frick

Fred Santarelli, Esquire
fpsantarelli@elliottgreenleaf.com
John P. Elliot, Esquire
jpelliot@elliottgreenleaf.com
Counsel for Aetna

                                        /S/Lawrence M. Otter
                                        April 2, 2008
                                        _____

                                        LAWRENCE M. OTTER, ESQUIRE