IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** | : | |
| **Jeffery Lobb and Kristin McDermott** | : | |
| **Plaintiffs** | : | No: 08-CV-0015(JS) |
| | : | |
| v. | : | |
| | : | |
| **Independence Blue Cross, Aetna Inc.,** | : | |
| **Ronald A. Williams, Joseph A. Frick,** | : | |
| **Commonwealth of Pennsylvania Department** | : | |
| **Of Health and Insurance Department,** | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this _____ day of April, 2008, upon consideration of Defendants' Motion for Sanctions and the response thereto and Plaintiffs' Motion for Reconsideration it is hereby ORDERED that the motion for Sanctions is Reversed and said Motion for Sanctions is DENIED.

BY THE COURT

_____
JUDGE JUAN R. SANCHEZ

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** | : | |
| **Jeffery Lobb and Kristin McDermott** | : | |
| **Plaintiffs** | : | No: 08-CV-0015(JS) |
| | : | |
| V. | : | |
| | : | |
| **Independence Blue Cross, Aetna Inc.,** | : | |
| **Ronald A. Williams, Joseph A. Frick,** | : | |
| **Commonwealth of Pennsylvania Department** | : | |
| **Of Health and Insurance Department,** | : | |
| **Defendants** | : | |

*Formatted: Bullets and Numbering*

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTIONS FOR SANCTIONS

I.   FACTS

The case which was brought before this Court is a simple straightforward ERISA action under **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)** seeking clarification of benefits under health insurances policies.

While attempting to get clarification of the issues in the case and before filing its action, Frank Lobb spoke with the United States Department of Labor. Four attorneys from the Department of Labor recommended that Plaintiffs file a complaint under ERISA to obtain the clarification it was seeking but not receiving from insurers or the Commonwealth. **See March 2008 Letter of Frank Lobb confirming telephone conference with US DOL.**

2

At the April 8, 2008 hearing on various motions, the Court denied Plaintiffs Motion to Amend the Complaint and Caption and instructed defendants to file bill of costs as the Court was inclined to sanction Plaintiff for bringing the action.

Immediately following the April 8, 2007 hearing, Aetna volunteered the critical piece of information needed for the Plaintiffs to bring clarity to their ERISA Plan and the effect of the Hold Harmless Clause on that plan. Furthermore, this information, when taken together with earlier information provided by Aetna, provides everything the Plaintiffs have sought in their Complaint. Since the information applies equally to IBC as a matter of law, the Plaintiffs are now in possession of all the information they need for complete clarity on their ERISA Plan and the Hold Harmless Clause.

As the Plaintiffs have said to the court, all that was ever needed to resolve this matter was for one of the three Defendants to provide the information the Plaintiffs needed to understand how the participants in Cameron's Plan can pay for health care when Aetna or IBC deny coverage. Plaintiffs now have the information and consider the matter settled. Moreover, had the Plaintiffs received this information prior to the hearing, they would have withdrawn their Complaint with prejudice.

Plaintiffs continue to maintain they had every right to follow the recommendation of the US Department of Labor and file their Complaint based on well settled ERISA law. Plaintiffs further believe Aetna's voluntary transfer of the critically necessary information provides direct evidence of the justification for the Plaintiffs action. .

**II. PLAINTIFFS WERE SEEKING FORMAL CLARIFICATION OF RIGHTS PURSUT TO THE ADVICE OF THE UNITED STATES DEPARTMENT OF LABOR ON ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries).**

At all relevant times Cameron's Hardware had IBC and Aetna as its health insurance carrier for the benefit of its employees. Plaintiffs herein simply want formal clarification from their insurance carries that explains what they viewed as the inherent contradictions between the decisions which suggests that an insured individual may self pay for a covered service which is denied by the insurer and the inability of a health care provider to bill for those services.

Plaintiff has sought this information from IBC, Aetna and the appropriate state regulators. None of them has responded as required under ERISA. The Supreme Court's holding in **Aetna v. Davila, 542   U.S. 200 (2004),** outlines a solution to the problem by having the individual pay for the treatment and then sue his or her insurance company. The problem as Plaintiffs understand it, is while you have the right to pay for the treatment, the Pennsylvania provider cannot bill you pursuant to the terms of its provider contracts and state regulation. The relief as outlined by the Supreme Court in **Aetna v. Davila** becomes illusionary. This is the question that Plaintiff wants formally answered and defendants refuse.

This litigation was not vexatious by any legal standard. It merely sought to have defendant comply with its obligations under ERISA. In fact Plaintiffs, after having not received clarification in simple understandable terms, are allowed to seek relief in

Federal Court. **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)**

## II.     CONCLUSION

Plaintiffs have a valid cause of action against IBC and all other defendants pursuant to **ERISA, 29 U.S.C. § 1132(a)(1)(B) (participants and beneficiaries) and 29 U.S.C. § 1132(a) (3) (Participants, beneficiaries and fiduciaries)** and Supreme Court jurisprudence, **Aetna v. Davila, 542 U.S. 200 (2004)**.

For all of the reasons set forth above, Plaintiffs respectfully request that upon reconsideration that the motion for sanctions be denied and the case be terminated.

                                      Respectfully submitted,

                                      /S/ LAWRENCE M. OTTER

                                      _____
LAWRENCE M. OTTER
ATTORNEY FOR PLAINTIFF
PO BOX 2131
Doylestown, PA 18901
215-230-5330
215-230-7197 (fax)
larryotter@hotmail.com (e mail)

Valerie Gatesman
Office of Benefits Assistance
Employee Benefits Security Administration
U.S. Department of Labor
200 Constitution Ave.
Washington, DC  20210

March 3, 2008

Dear Ms. Gatesman:

Once again, many thanks for your time and willingness to help with our questions. Your memory of the conference call you arranged back in May with Lisa Alexandra, David Lurie, Elane Wortenberg and yourself along with the group's recommendation that Cameron's could benefit from taking the Hold Harmless issue into federal court for clarification, quite frankly, surprised me. I would have expected the call and our issue to have faded into the fog of the many calls you handle daily.

As I said, Cameron's has taken your Department's advice by requesting clarification of the Clause in federal court under 502(a)(1)(B). We literally felt we had no other place to turn. The Commonwealth is claiming it lacks the authority to interpret the clause, even though it is their mandated language and must "affect" our ERISA plan as a matter of Pennsylvania law. In addition, the two dominant insurers in the region, Aetna and Independence Blue Cross have recently claimed the Clause bars providers from ever billing participants in Cameron's Plan while also claiming it is ridiculous to think such a restriction could interfere with a participant's ability to self-pay providers for care. All three have stonewalled our requests for a formal clarification of the Clause.

Your strong recommendation we engage counsel experienced in ERISA litigation came as no surprise. However, the fact we are not suing for damages has made that essentially impossible or, at a minimum, cost prohibitive. Consequently, we have chosen to put our faith in the court and our absolute right to receive clarification of our plan. ---- Your Department's assurance of our right to such clarification under Parts 1 and 5 of ERISA is both helpful and comforting.

Yours truly,

Frank H. Lobb, III, VP Operations

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Cameron's Hardware, Inc., Frank Lobb,** | : | |
| **Jeffery Lobb and Kristin McDermott** | : | |
| **Plaintiffs** | : | No: 08-CV-0015(JS) |
| | : | |
| v. | : | |
| | : | |
| **Independence Blue Cross, Aetna Inc.,** | : | |
| **Ronald A. Williams, Joseph A. Frick,** | : | |
| **Commonwealth of Pennsylvania Department** | : | |
| **Of Health and Insurance Department,** | : | |
| **Defendants** | : | |

CERTIFICATE OF SERVICE

This is to certify that a copy of the attached Plaintiff's Motion for Reconsideration has been served on all counsel of record through the ECF system and by email;

Barry N. Kramer, Esquire
bkramer@attorneygeneral.gov
Counsel for Pennsylvania Departments of Health and Insurance

Susan Mangold, Esquire
smangold@chescolaw.com
Counsel for IBC and Joseph A. Frick

Fred Santarelli, Esquire
fpsantarelli@elliottgreenleaf.com
John P. Elliot, Esquire
jpelliot@elliottgreenleaf.com
Counsel for Aetna

/S/Lawrence M. Otter
April 16, 2008

_____
LAWRENCE M. OTTER, ESQUIRE

7