IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON'S HARDWARE, Inc., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 08-15 |
| | : | |
| INDEPENDENCE BLUE CROSS, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**

Plaintiffs ask for *de novo* review and a declaratory judgment on the question of whether Aetna's and IBC's health care plans allow network medical providers to bill a subscriber for care when Aetna or IBC has denied coverage.[1] Defendants move to dismiss because Plaintiffs lack standing, the Court lacks subject matter jurisdiction, claims are untimely and barred by *res judicata* and collateral estoppel, and Plaintiffs fail to state a claim upon which relief can be granted. I will dismiss Plaintiffs' Complaint because Plaintiffs lack standing, this Court lacks subject matter jurisdiction, and the claims are time-barred.

## FACTS[2]

In the late 1990s, IBC determined certain care for subscriber Sandra Lobb was not medically necessary. Sandra Lobb's family members, including husband Frank Lobb and children Jeffrey Lobb and Kristen McDermott,[3] attempted to pay several IBC network providers for the care on their own,

---

[1] Plaintiffs also phrase the question as whether participants in Aetna's and IBC's plans are free to pay network providers for health care whenever Aetna or IBC refuse to approve and pay for care.

[2] On a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6), the Court is required to accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiffs. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

[3] On February 13, 2008, Kristen McDermott withdrew from this action. McDermott initially was included because of her participation in an IBC plan through her employer, the Oxford Area School

but were refused. Sandra Lobb never obtained the care and, on February 1, 1999, died from kidney failure caused by cirrhosis of the liver. As a result, Plaintiffs were made aware of the possibility subscribers of IBC's health care plans could be denied the ability to pay for their own health care whenever IBC refused to pay for care defined as a "covered service."

On October 19, 2000, Frank Lobb purchased Cameron's Hardware and continued the business's practice of providing employees with an IBC HMO health care plan. On March 1, 2003,[4] Cameron's Hardware replaced its IBC plan with a similar plan from Aetna. Frank Lobb and Cameron's Hardware bring this action because they believe they have a fiduciary duty to their employees. Jeffrey Lobb brings this action as a Cameron's Hardware employee enrolled in Cameron's health care plan.

Plaintiffs allege Defendant Commonwealth of Pennsylvania Departments of Health and Insurance require Aetna and IBC to include specific language called the hold harmless clause in the HMO agreements Aetna and IBC have with their network providers. According to Plaintiffs, the hold harmless clause forbids providers from seeking compensation from an HMO subscriber if Aetna or IBC fails to compensate providers because of insolvency or for any other reason. Plaintiffs allege the result of this is a provider cannot bill or hold subscribers responsible for payment if the HMO does not pay for a covered service, and a subscriber cannot pay the provider. Consequently, Plaintiffs reason, the subscriber's access to health care is restricted.

---

System. McDermott was also a plaintiff in the prior federal court action, *Johnson v. Koken*, 2005 WL 3470651 (E.D. Pa. Dec. 15, 2005).

[4]Plaintiffs' Complaint has March 1, 2004, but this is likely an error because Cameron Hardware's agreement with Aetna documents in a number of places March 1, 2003 as the plan effective date. Def. Aetna's Mot. to Dismiss, Ex. A.

In their request for a declaratory judgment, Plaintiffs seek answers to the following three questions: "(1) Is a participant in the insurers' plans free to self-pay network health care providers for all services the insurers refuse to approve and pay for – Yes or No? (2) Are insurers free to ignore, refuse and/or obfuscate Plaintiffs' requests for a clear and official answer to the question? (3) Are insurers and the state free to ignore and/or misrepresent the reach of state mandated language in the insurers' private contracts in order to escape ERISA preemption?" Pl. Compl. 1-2.

**DISCUSSION**

A 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the Court. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). To withstand a 12(b)(1) motion to dismiss, the complaint must allege facts sufficient to invoke the Court's jurisdiction. *Id.* A 12(b)(6) motion to dismiss admits the complaint's well-pleaded allegations, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus*, 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999). The Court must accept the complaint's factual allegations as true, as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "But a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir.1997)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 287 (5th Cir. 1993). A case should not be dismissed unless it can be said "with assurance that under the allegations of the *pro se* complaint, which [is held] to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can

prove no set of facts in support of [her] claim which would entitle [her] to relief." *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Defendants argue this Court lacks subject matter jurisdiction. I agree. Article III of the Constitution restricts this Court's jurisdiction to the resolution of cases and controversies. *Taliaferro*, 458 F.3d at 188 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)). "Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit. Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts." *Id.* Without Article III standing, this Court has no subject matter jurisdiction over Plaintiffs' claims, and they must be dismissed. *Id.*

Plaintiffs do not meet any standing requirements. To satisfy the constitutional minimum of standing, Plaintiffs must meet three requirements: (1) Plaintiffs

> must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* Plaintiffs do not meet any of the requirements here. Plaintiffs do not plead any facts to suggest what injury they could suffer is anything but conjectural, hypothetical, or merely speculative. Plaintiffs have not plead any facts to give this Court any reason to believe they or anyone cannot freely pay network health care providers for all services Aetna or IBC does not approve. No allegations suggest Plaintiffs were denied approval by Aetna or IBC for care they sought, or that they sought to pay providers for care and were denied care. Nothing suggests Plaintiffs' access to health

4

care was in fact restricted or that a denial of access to health care was imminent.

Plaintiffs also do not meet the declaratory judgment case or controversy requirement. The Declaratory Judgment Act, 28 U.S.C. § 2201, allows the Court to issue declaratory judgments in a case of actual controversy. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998). The standards for determining whether a declaratory judgment action satisfies the case or controversy requirement are "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune, Inc. V. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). No facts alleged show a substantial controversy of any immediacy or reality warranting relief. Nor have Plaintiffs shown parties have adverse legal interests. In the prior state court action brought by the personal representative of the estate of Sandra Lobb, deceased, in the Court of Common Pleas of Chester County, the court reviewed the agreement between IBC and providers and found it unambiguously allowed payment by the insured. *Johnson v. Independence Blue Cross*, NO. 01-01070 (Ct. Com. Pl. Apr. 12, 2004), *aff'd*, 890 A.2d 1113 (Pa. Super. Nov. 4, 2005). Plaintiffs have not shown any facts contrary to that court's finding. There appears nothing restricting Plaintiffs' self-payment of providers and no such restricted access to health care. As such, it is difficult to find what adverse legal interest there could be between parties in regards to the hold harmless clause.

Plaintiffs have no standing. Absent standing, this Court has no subject matter jurisdiction and this case must be dismissed. *See Taliaferro*, 458 F.3d at 188.

This case is also dismissed because Plaintiffs' claims are time-barred. Plaintiffs argue there is a four-year statute of limitations that began to run in March, 2004, when they discontinued their

HMO plan with IBC. Plaintiffs argue their claims are not time-barred because their Complaint was filed in January, 2008, well within the statute of limitations which expired on March 4, 2008 as to IBC only. As to Aetna, it appears Plaintiffs contend the statute of limitations has not yet expired. Plaintiffs provide no basis for their contention the claims are not time-barred.

Under ERISA, 29 U.S.C. § 1113, a three-year statute of limitations begins to run from the earliest date a plaintiff had actual knowledge of a breach of fiduciary duty. *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir. 1992). A four-year statute of limitations on breach of contract claims starts running from the time of the breach. *Hahneman Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 306 (3d Cir. 2008) (citing 42 Pa. C.S. § 5525(a)(8)).

Plaintiffs admit in their Complaint that following the alleged denial of care for Sandra Lobb in the late 1990s, they "were made aware of the possibility that subscribers of IBC's health care plans could be denied the ability to pay for their own health care whenever IBC refused to pay for care that was defined as a 'Covered Service.'" Pl. Compl. 8. According to the Complaint, Aetna also has the same hold harmless clause, as required by state mandate. Plaintiffs thus had actual knowledge of the alleged possible denial of care in the late 1990s. Plaintiffs do not point to a specific breach of contract or when one occurred, but any alleged breach would have occurred in the late 1990s when the alleged denial of care occurred; October 19, 2000, when Plaintiffs contracted with IBC; or, at the very latest, March 1, 2003, when Plaintiffs contracted with Aetna. Whether the four-year breach of contract statute of limitations or the three-year breach of fiduciary duty statute of limitations applies, Plaintiffs' claims are time-barred.

In addition, any equitable tolling due to concealment or misrepresentation by Aetna or IBC would not apply. "[T]he fraudulent concealment doctrine does not toll the statute of limitations

6

where the plaintiff knew or should have known of his claim despite the defendant's misrepresentation or omission." *Johnson v. Independence Blue Cross*, 247 Fed. Appx. 340, 341 (3d Cir. 2007) (quoting *Bohus v. Beloff*, 950 F.2d 919, 925-26 (3d Cir. 1991)). Here, Plaintiffs admit they knew of their claims in the late 1990s; thus, equitably tolling cannot apply.

Having ruled Plaintiffs have no standing to bring their claims, providing this Court no jurisdiction over the case, and Plaintiff's claims are time-barred, this case will be dismissed.[5]

An appropriate order follows.

---

[5] Plaintiffs' claims could also be dismissed because they were asserted or could have been asserted previously. That Plaintiffs ask this Court for "de novo review" demonstrates they realize these claims have already been litigated. The prior state court action centered around the claim that after IBC denied coverage, Sandra Lobb was denied access to treatment even when her family offered to pay for these services. The state court found the evidence failed to support their claims. *See Johnson v. Independence Blue Cross*, No. 01-01070 (Ct. Com. Pl. Apr. 12, 2004). The court specifically found as long as the provider informs the patient services will not be covered by the insurer, it will then be up to the patient whether to accept services and become responsible for payment, and nothing in the provider's contract prohibits payment by the patient. *See id.* This ruling was affirmed by the Pennsylvania Superior Court. *See Johnson v. Independence Blue Cross*, 890 A.2d 1113 (Pa. Super. Nov. 4, 2005) (concluding trial court correctly determined language of contract is unambiguous and does not prohibit payment by the insured). The prior federal court action also centered around the hold harmless clause and whether it interfered with an individual's ability to pay providers and access medical care. *Johnson v. Koken*, 2005 WL 3470651 (E.D. Pa. Dec. 15, 2005). The Court in that case found the claims likely barred by the *res judicata* doctrine and by the *Rooker-Feldman* doctrine because the same claims had been raised in state court, where the claims had already been decided and affirmed, and dismissed the case. The Court of Appeals affirmed the dismissal because the claims were untimely and plaintiff McDermott lacked standing. *Johnson v. Independence Blue Cross*, 247 Fed. Appx. 340, (3d Cir. 2007). Nevertheless, because I dismiss Plaintiffs' claims for lack of standing, lack of subject matter jurisdiction, and for being time-barred, I find it unnecessary to discuss whether the claims must also be dismissed for claim and issue preclusion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON'S HARDWARE, Inc., et al.  : | CIVIL ACTION |
| v.  : | No.: 08-15 |
| INDEPENDENCE BLUE CROSS, et al.  : | |

### ORDER

AND NOW, this 25th day of April, 2008, Defendants' Motions to Dismiss Plaintiffs' Complaint (Documents 17, 26, and 28) are GRANTED.[1]

It is further ORDERED a hearing will take place on June 5, 2008 at 10:30 a.m. in Courtroom 5D on Defendants' Motions for Sanctions and for Award of Attorneys' Fees.

BY THE COURT:

Juan R. Sánchez, J.

---

[1] I find it necessary to dismiss the case because Plaintiffs have not formally settled or withdrawn their claims. In a motion for reconsideration of sanctions filed after oral argument, Plaintiffs state they received from Aetna the clarification they were seeking all along, that they "now have the information and consider the matter settled," and request the case be terminated. Pl. Br. Mot. for Recons. 3.